UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANNY LYNN WILLIAMS, | ) |
| *Plaintiff*, | ) |
| | ) No.: 3:14-CV-557-PLR-HBG |
| v. | ) |
| CLAIBORNE COUNTY JAIL, | ) |
| CLAIBORNE COUNTY JAIL STAFF, | ) |
| and CLAIBORNE COUNTY JAIL MEDICAL, | ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* former prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the Plaintiff lacks sufficient financial resources to pay the filing fee and, thus, his application is **GRANTED** (Doc. 1).

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon

> which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A)).[1]

In his complaint, Plaintiff alleges that, while he was confined in the Claiborne County jail, an officer posted a copy of Plaintiff's sex offenses in the male maximum security unit where he was housed. Thereafter, Plaintiff was approached by seven inmates, who called him a child molester, encircled him, stomped him in the stomach until he soiled himself, and pummeled him until his nose was broken and he passed out.

When Plaintiff regained consciousness, the inmates told him that, as a sex offender, he had to pay rent to them. For the next three days, the inmates took all his food trays. Plaintiff then sent a letter to an unidentified recipient asking for medical attention for his broken nose, swollen right eye, urinary incontinence, and severe kidney pains, all of which resulted from the beating. In the letter, Plaintiff also asked for assistance in dealing with his fellow inmates' extortion demands and maltreatment.

However, that same night, the inmates brought his request back to him and warned him that, as a result of his attempt to snitch on them, his life would be hellish. True to their threat, they took his food trays for the next two days, until he was so weakened and debilitated from the lack of nourishment that he started acting "krazy" (sic) and had to be

---

[1] Section 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

2

moved. Even before he was moved, Plaintiff asked officers several times to move him, so he could explain what was happening to him, but his requests were ignored.

The next day, he was transferred to the Union County Jail.

For the alleged infringement of his rights, Plaintiff seeks to have "something done" for what he endured, physically and emotionally.

At the outset, the Claiborne County Jail, the first named Defendant, is a building and not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983.") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Thus, any allegations asserted against the Claiborne County Jail fail to state a claim for relief.

Plaintiff has also named the Claiborne County Jail Staff and Medical as Defendants. These Defendants likewise are not suable parties. *See Hix v. Tennessee Dept. of Corrections,* 196 F. App'x 350, 355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983."*); Horton v. Hamblen County Jail Medical Staff*, 2007 WL 172523, *1 (E.D. Tenn. Jan. 18, 2007) (concluding that the jail medical staff is a non-suable entity under § 1983); *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006) (noting

3

that the jail's medical staff and jail staff are subdivisions of the sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir.1973) for its holding that a state prison medical department is not a "person" under § 1983)); *see also Holifield v. Mobile County Sheriff's Dept. of Mobile*, 2008 WL 2246961, *5 (S.D.Ala. May 29, 2008) (finding that the Mobile County Jail Medical Unit was a subdivision of the jail and not a distinct legal entity which could be sued under § 1983).

Likewise, there are problems with the substantive allegations in the complaint. The first one is that Plaintiff does not allege the date(s) on which occurred the complained of events. This is important because a defendant cannot be required to answer to allegations which are not pegged to a specific date. Without this information, Plaintiff's contentions are conclusory. Conclusory allegations fail to state a claim for relief under § 1983. *Coker v. Summit County Sheriff's Department*, 90 F. App'x 782, 787, 2003 WL 23140066, *4 (6th Cir. Dec. 15, 2003) (finding that bare bones, conclusory assertions do not suffice to state a cognizable constitutional claim); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987*); Smith v. Rose*, 760 F.3d 102, 106 (6th Cir. 1985). Furthermore, stale claims may be subject to dismissal as barred by the applicable statute of limitation. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

The second problem is that Plaintiff has not identified any individual jailer or health care provider as being involved in the alleged constitutional wrongdoing. Plaintiff's allegations regarding the conditions of his confinement implicate the Eighth
4

Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, Plaintiff must show: (1) that an alleged deprivation is, objectively, sufficiently serious and (2) that the prison official who caused the deprivation had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Obviously, absent the identity of the purported malfeasant(s), there is nothing upon which to find that the individual(s) possessed the requisite state of mind of deliberate indifference.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff has not named suable entities as Defendants and he has not named any Defendant as being involved in the conduct complained of in this pleading. Because these deficiencies possibly may be cured by means of an amended complaint, *see LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013), Plaintiff is advised that, unless his amends his pleading within twenty (20) days from the date on this order to correct the highlighted deficiencies, the Court will **DISMISS** his case for failure to state a claim without further notice to him.

**ENTER**:

*/s/ Pamela L. Reeves*
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE